# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. )        ID Nos. 1708006225 and
)                1708003578
MICHAEL J. LINDSEY, )
Defendant. )

Submitted: June 2, 2020
Decided: July 17, 2020

## ORDER DENYING MOTION TO REDUCE OR MODIFY SENTENCE

This 17th day of July, 2020, upon consideration of the Defendant's Motion for

Sentence Reduction (D.I. 50*), and the record in this matter, it appears to the Court

that:

(1)    On February 8, 2018, following a two-day jury trial, Michael J. Lindsey

was convicted of possession of a firearm by a person prohibited ("PFBPP") and other

related charges.[1]   Thereafter, on July 16, 2018, he was sentenced to serve, *inter alia*,

a 15-year term of unsuspended imprisonment—comprised, in part of a statutory

minimum term of incarceration[2] and, in part, of a habitual criminal sentence—

---

* Because the single sentence Mr. Lindsey seeks to have reduced arises from the indictment in
Case No. 1708006225, the Court will refer only to the docket entries assigned in that case.

[1] Verdict Sheet, *State v. Michael J. Lindsey*, ID No. 1708006225 (Del. Super. Ct. Feb. 8, 2018)
(D.I. 28). In Mr. Lindsey's case, the PFBPP is a class C felony. *See* DEL. CODE ANN. tit. 11, §§
1448(c) and (e)(1)(2017) (PFBPP due to a prior violent felony is a class C felony).

[2] DEL. CODE ANN. tit. 11, § 1448(e)(1)(c) (2017) (providing that any person convicted of PFBPP
"shall receive a minimum sentence of: Ten years at Level V, if the person has been convicted on
2 or more separate occasions of any violent felony.").

- 1 -

followed by lower levels of supervision.[3] Mr. Lindsey was sentenced to the minimum required for the PFBPP count as a triggering offense under the Habitual Criminal Act: a term of 15 years imprisonment.[4] And the effective date of his sentence is August 9, 2017.[5]

(2)    Mr. Lindsey filed a direct appeal to the Delaware Supreme Court. His convictions and sentence were affirmed.[6]

---

[3]    Sentencing Order, *State v. Michael J. Lindsey*, ID No. 1708006225 (Del. Super. Ct. July 16, 2018)(D.I. 35).

[4]    DEL. CODE ANN. tit. 11, § 4214(d) (2017) (providing that for one, like Mr. Lindsey, who had been twice previously convicted of Title 11 violent felonies and is thereafter convicted of another Title 11 violent felony can be declared a habitual criminal; such a habitual criminal must receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for the triggering Title 11 violent felony (or felonies) that form the basis of the State's habitual criminal petition); *id.* at §§ 1448(c), (e)(1) and 4205(b)(3) (maximum sentence for PFBPP as a class C felony is 15 years at Level V); *id.* at § 4214(e) (allowing that any portion of a sentence imposed under § 4214(d) that exceeds the statutorily required minimum prescribed by § 4214(d) may be subject to suspension by the Court, but it is only the portion of the sentence exceeding that statutorily required minimum that may be suspended).

[5]    Sentencing Order, at 1.

[6]    *Lindsey v. State*, 2019 WL 1556684 (Del. Apr. 9, 2019).

(3) Mr. Lindsey has now filed a Rule 35(b) motion[7] to reduce his Level V sentence.[8] He asks that Court immediately suspend his 15-year prison term and place him on Level IV home confinement.[9]

(4) He argues the Court should grant the reduction now due to "extraordinary circumstances" brought on by the COVID-19 pandemic.[10] Mr. Lindsey claims that such reduction is appropriate because "COVID-19 is a heavy pandemic going on inside the prison where [he is] housed" as older inmate taking daily medications for diabetes and high blood pressure.[11]

(5) The Court may consider such a motion "without presentation, hearing or argument."[12] The Court will decide his motion on the papers filed and the complete record in Mr. Lindsey's case.

---

[7] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[8] Def. Rule 35(b) Mot. (D.I. 50).

[9] Def. Rule 35(b) Mot., at 2.

[10] *Id.*

[11] *Id.* at 2.

[12] Super. Ct. Crim. R. 35(b).

(6)     When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[13]

(7)     "Rule 35(b) requires that an application to reduce imprisonment be filed promptly—i.e. within 90 days of the sentence's imposition—'otherwise, the Court loses jurisdiction' to act thereon."[14]  An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must demonstrate "extraordinary circumstances."[15]  A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences.[16]

(8)     The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[17]  "And for the purposes of Rule 35(b), 'extraordinary circumstances'

---

[13]  *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[14]  *Redden*, 111 A.3d at 607 (internal citations omitted).

[15]  *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[16]  *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[17]  *Diaz*, 2015 WL 1741768, at *2 (citing BLACK'S LAW DICTIONARY (10th ed. 2014)); *id.* (Observing also that, in the Rule 35(b) context, "'extraordinary circumstances' are those which 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"); *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[18] In short, Rule 35(b) is a rule limited to reconsideration and altering of a sentence after the 90-day motion deadline "only when there is a truly compelling change in that inmate's individual circumstances that presents an urgent need for revision of the sentence's terms."[19]

(9) As this Court has recently and often noted, no special early release rule or procedure has been created to address the current COVID-19 health crisis; the relief an inmate seeks through the type of motion Mr. Lindsey has filed is governed by this Court's Criminal Rule 35(b).[20] And merely invoking COVID-19 is simply inadequate to shoulder the heavy burden placed on one to establish "extraordinary circumstances" under Rule 35(b).[21]

---

[18] *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

[19] *Id.*

[20] *State v. D'Azevedo*, 2020 WL 3834, at *1 (Del. Super. Ct. July 10, 2020).

[21] *E.g., State v. Colburn*, 2020 WL 3882560, at *1 (Del. Super. Ct. July 8, 2020) ("[M]ere incantation of COVID-19 as a ubiquitous 'health and economic [c]risis'" and "suggestion of 'prison over crowding and unsafe housing conditions that [don't] allow social distancing'" inadequate to establish "extraordinary circumstances."); *State v. Roberts*, 2020 WL 3063957, at *2 (Del. Super. Ct. June 8, 2020) ("generalized suggestion" of inmate's "underlying (but unidentified) health conditions" and "his statement of anxiety" over COVID-19 do not establish "extraordinary circumstances" under Rule 35(b)); *State v. Bednash*, 2020 WL 2917305, at *2 (Del. Super. Ct. June 3, 2020) (finding inmate's summary allegations of his medical conditions and vulnerability to COVID-19 do not establish "extraordinary circumstances" warranting a reduction or modification of his sentence under Rule 35(b)); *State v. Baker*, 2020 WL 2789703, at *1 (Del. Super. Ct. May 29, 2020) (inmate's mere suggestion of "his potential exposure to COVID-19 . . . has not set forth facts establishing 'extraordinary circumstances'").

(10)   Instead should Mr. Lindsey's specific individual medical circumstance warrant sentence reduction, then the proper vehicle to deliver such relief is an application by the Department of Correction under 11 *Del. C.* § 4217. Good cause to reduce an inmate's level of custody or time to be served via a Section 4217 application specifically includes "serious medical illness or infirmity of the offender."[22]   It is indeed clear from Rule 35's language itself that an inmate's emergent medical situation "is not the stuff of which a claim of 'extraordinary circumstances' is made."[23]   Rather such situations, when they arise, are properly addressed under Title 11, Section 4217.[24]

---

[22]   DEL. CODE ANN. tit. 11, §§ 4217(b)-(c) (2017); *id.* at §§ 4217(d)(3)-(f)(setting forth specific provisions and exceptional procedures for DOC applications based on an inmates serious medical illness or infirmity).

[23]   *Redden*, 111 A.3d at 608 (Explaining that because Rule 35(b) expressly references 11 *Del. C.* § 4217 as a means for the Court reduce a sentence more than 90 days after its imposition, those circumstances enumerated in § 4217 as grounds for sentence relief must be pursued via § 4217 and are unreachable under Rule 35(b)); *see also State v. Culp*, 152 A.3d 141,   (Del. 2016) ("Rule 35(b) is not the proper vehicle for seeking modification based on rehabilitation. The plain language of Rule 35(b) states that the rule should be construed in conjunction with 11 *Del. C.* § 4217, which allows for a modification of a sentence only upon application by the DOC for 'good cause' shown. 'Good Cause' under Section 4217 expressly includes, among other things, 'rehabilitation of the offender. . . . Thus, Section 4217 is the appropriate mechanism through which a defendant may pursue a sentence modification based upon rehabilitation.'"); *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Ct. Sept. 25, 2002) ("[S]ince the purpose of 11 *Del. C.* § 4217 is to directly address modification of sentence based on a defendant's rehabilitation efforts, and 11 *Del. C.* §4217 is included within the constructs of Rule (35), it is evident that 11 *Del. C.* § 4217 is the appropriate governing statute through which Defendant may be entitled to a reduction in his sentence based on rehabilitation.").

[24]   *See Redden*, 111 A.3d at 608; *Culp*, 152 A.3d at 146; *Liket*, 2002 WL 31133101, at *2.

(11) But Mr. Lindsey's failure to meet Rule 35's "extraordinary circumstance" criterion is not all that prohibits this Court from considering his time-barred prayer for sentence reduction.

(12) Even were Rule 35's time bar inapplicable here, the Court still has no authority under that rule to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[25] And there is no special COVID-19 early release rule that overcomes that prohibition either.[26]

(13) Again, the 15 years imprisonment for Mr. Lindsey's PFBPP conviction is the minimum term of incarceration that must be imposed and cannot be suspended or reduced.[27] The reduction he requests would violate that 15-year minimum required by the Habitual Criminal Act. And that the Court cannot do upon his Rule 35(b) motion[28]—even in the midst of a pandemic.

---

[25] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[26] *But see* DEL. CODE ANN. tit. 11, § 4217(f) (2017) (Permitting the DOC to seek reduction of an inmate's statutory mandatory term of incarceration, even during the mandatory portion of that sentence, when the DOC's application is "based solely upon serious medical illness or infirmity of the offender.").

[27] *See* n.4, *supra.*

[28] *See State v. Johns*, 2018 WL 2753796, at *2 (Del. Super. Ct. Jun. 7, 2018) (minimum sentence required by Habitual Criminal Act could not be reduced through a Rule 35(b) motion).

(14)  **NOW, THEREFORE, IT IS ORDERED** that Mr. Lindsey's motion

for reduction of sentence must be **DENIED** because it is both time-barred and seeks

relief that is statutorily prohibited.

Paul R. Wallace, Judge

Original to Prothonotary

cc:  Mr. Michael J. Lindsey, *pro se*
     John S. Malik, Esquire
     Erika R. Flaschner, Deputy Attorney General
     Investigative Services Office